CARRIGER & ROBERTSON *v.* MAYOR AND ALDERMEN OF MORRISTOWN.

TAXATION. *For corporate purposes. Exemption. Lands for farming purposes.* Under a statute extending the boundaries of an incorporated town, with a proviso that land embraced in the extension " used only for farming purposes, shall be exempt from taxation for corporation purposes until the same is laid off into town lots," the exemption applies only to land solely for the cultivation of crops, or the pasturage of stock, in the usual routine of farming operations, and not to dwelling houses and appurtenances, improved lots, or land laid off into lots.

FROM HAMBLEN.

Appeal from the Chancery Court of Morristown. H. C. SMITH, Ch.

SHIELDS and HODGES for complainants.

ROSE, ROGAN & BARTON for defendants.

COOPER, J., delivered the opinion of the court.

Prior to the 25th of February, 1870, complainant M. Carriger resided on a farm of over one hundred acres adjacent to the corporate limits of Morristown on the east, and complainant J. E. Robertson resided on a similar farm adjacent to Morristown on the west. Each had his residence on that part of his farm nearest to the corporate limits, consisting of a dwelling and the usual outhouses, with a yard, garden and orchard attached. Previous to that date, also, complainant Carriger had extended the streets of the town beyond his residence, and opened cross-streets in accord with the plan of the town, named accordingly, and had sold lots calling for these streets, one of the lots thus sold and improved being beyond his residence. He had also turned a stable or outhouse on his place into a dwelling-house, and rented it for several years. On the 25th of February, 1870, the Legislature, by an act passed for the purpose, extended the corporate limits of the town so as to include the residences of the complainants and a portion of their lands within those limits, with this proviso: "*Provided,* that land embraced in the corporate limits of said town as defined by this act, used only for farming purposes, shall not be subject to taxation for corporation purposes until the same is laid off into town lots." This bill was filed to enjoin the collection of taxes by the town for corporation purposes on

the residences and appurtenances thereto of both com-
plainants, and on all the lands of the complainant
Carriger included in the streets laid off by him and
opened previous to the extension of the town limits.
The defendant has answered the bill, without raising
any objection to the jurisdiction of the court. The
Chancellor gave the relief asked, and the corporation
has appealed.

All land embraced within the boundaries of an in-
corporated town is, of course, subject to taxation un-
less expressly exempted by law. *McCallie* v. *Mayor
and Aldermen of Chattanooga*, 3 Head, 317. The ex-
emption, which the court, in the case just cited, con-
cedes may be made in respect to particular lands un-
der the Constitution of 1834, is in the nature of a
privilege, and cannot be carried beyond the fair mean-
ing of the language used. The statute exempts from
corporate taxation such land as is "used only for
farming purposes;" that is, plainly, so much of the
land brought within the new bounds as is used for
the cultivation of crops or the pasturage of stock in
the usual routine of farming operations, and for no
other purpose. To hold, as contended for by the
learned counsel of the complainants, that the dwelling-
houses, with the usual appurtenances, are also included
in the exemption, would be to render the corporate
extension nugatory so far as the municipality was con-
cerned, throwing upon it a burden without any ben-
efit, and to strain the words into a sense which could,
if intended, have been expressed readily in an une-
quivocal form. The dwelling-houses, outhouses and

Carriger and Robertson *v.* Morristown.

appurtenances used for the personal comfort and convenience of the owners, can, in no fair sense, be held to be "used only for farming purposes." The taxation complained of by the complainant Robertson is on his house and lot, the lot consisting of about one acre, and was rightful.    The taxation complained of by the complainant Carriger was on his residence and improved grounds attached, on an adjoining lot on which there was a framed dwelling rented out for several years, and an unimproved lot in front of his residence, entirely surrounded by the streets laid off by him and adopted by the town.    This vacant lot has been cultivated in farm crops during some years, but it may fairly be considered as laid off into a town lot within the meaning of the proviso.    All of this property was properly taxable.

It was rather suggested than urged in argument that the act extending the corporate limits of Morristown was unconstitutional, because a previous bill of the same purport had been previously rejected by the Legislature at the same session.    The original bill does say that if the proviso of the act is treated as a nullity, then the first bill introduced in the Legislature was the same in substance with the bill passed into an act, while the amended bill states that such first bill was indefinitely postponed.    But the answer says nothing on the subject, and the only evidence consists in the testimony of one or two witnesses, to the effect that a bill for the extension of the limits of the town had been before the Legislature and defeated in some way.    It is impossible for this court

to pronounce an act of the Legislature unconstitutional upon the ground suggested, even if the provision of the Constitution in that regard be not merely directory to that body itself (Constitution, art. 2, sec. 19), without having before it the bill which had been previously introduced, and record evidence of the action taken upon it. There is nothing to show fraud in the passage of the act in controversy.

The Chancellor's decree must be reversed, and the bill dismissed, with the costs of this court and of the Chancery Court.